UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER ALFONZO CUELLAR
CHINCHILLA,

      Petitioner,

    v.                     Case No.:  2:26-cv-01392-SPC-NPM

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY *et al.*,

      Respondents,

_____/

**<u>OPINION AND ORDER</u>**

Before the Court are Javier Alfonzo Cuellar Chinchilla's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).  For the below reasons, the Court grants the petition.

Cuellar Chinchilla is a native and citizen of El Salvador who entered the United States without inspection on December 26, 2014.  He applied for asylum in 2025, and the application remains pending.  His only criminal convictions are for traffic violations.  On January 18, 2026, the Palm Beach County Sheriff's Office arrested Cuellar Chinchilla based on his immigration status and handed him over to Immigration and Customs Enforcement.  On February 18, 2026, an immigration judge found he lacked jurisdiction to consider release on bond.  Cuellar Chinchilla is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Cuellar Chinchilla. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Cuellar Chinchilla asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Cuellar Chinchilla's detention is governed by § 1226(a), not § 1225(b)(2). *See Hernandez Alvarez v. Warden*, --- F.4th ---, 2026 WL 1243395

(11th Cir. 2026).  As a noncitizen detained under § 1226(a), Cuellar Chinchilla has a right to a bond hearing.  *See id*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Cuellar Chinchilla before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Cuellar Chinchilla's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.  But, to be clear, subjecting Cuellar Chinchilla to mandatory detention under § 1225(b)(2) is unlawful.  If the respondents are unable to ensure Cuellar Chinchilla receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

3

Javier Alfonzo Cuellar Chinchilla's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Cuellar Chinchilla for an individualized bond hearing before an immigration judge or (2) release Cuellar Chinchilla under reasonable conditions of supervision.  If the respondents release Cuellar Chinchilla, they shall give him telephone access so he can arrange transportation from the facility.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4